IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2003

## PAUL EDDIE SEIBERS v. MELISSA SUSAN CUNNINGHAM

**Appeal from the Circuit Court for DeKalb County**
**No. 8067     John A. Turnbull, Judge**

---

**No. M2002-02782-COA-R3-CV - Filed May 12, 2003**

---

This appeal stems from a parental dispute over the custody of a 16-year-old boy and a 12-year-old girl. Their father filed suit in the DeKalb County Juvenile Court seeking to remove the children from their mother's custody because they were dependent and neglected. The juvenile court granted the father custody of his son but decided that his daughter should remain with her maternal grandmother in the custody of the Department of Children's Services. The father pursued a de novo appeal to the Circuit Court for DeKalb County. After the children's mother moved to dismiss the appeal on the ground that it was untimely, the father filed a Tenn. R. Civ. P. 60.02(1) motion seeking relief from his untimely notice of appeal. The circuit court granted the father the requested relief and, following a bench trial, granted the father custody of both children. The mother asserts on this appeal that the circuit court lacked authority to grant the father relief from his untimely notice of appeal and, in the alternative, that the father was not entitled to Tenn. R. Civ. P. 60.02(1) relief for excusable neglect. We have determined that the trial court lacked subject matter jurisdiction to consider the father's Tenn. R. Civ. P. 60.02(1) motion and, therefore, that the father's appeal to the circuit court should have been dismissed because it was untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

J. Hilton Conger, Smithville, Tennessee, for the appellant, Melissa Susan Cunningham.

Paul Eddie Seibers, Tampa, Florida, Pro Se.

### OPINION

### I.

On July 27, 2001, Paul Eddie Seibers filed a petition in the DeKalb County Juvenile Court seeking custody of his two children. He alleged that the children, who were then living with their mother and her new husband, were dependent and neglected. Following hearings on December 3 and 6, 2001, the juvenile court entered a final order on December 21, 2001, granting Mr. Seibers

custody of his son but determining that his daughter should remain in the custody of the Department of Children's Services and should continue to live with her maternal grandmother. Mr. Seibers disagreed with this decision because he desired his daughter and son to live with him in Florida.

Mr. Seibers was represented by a lawyer from Sparta during the juvenile court proceedings. On January 9, 2002 – eighteen days after the entry of the juvenile court's order – Mr. Seibers's lawyer filed a notice of appeal on his behalf in the Circuit Court for DeKalb County seeking to perfect a de novo appeal in accordance with Tenn. Code Ann. § 37-1-159(a) (2001) and Tenn. R. Juv. P. 36(e). Ms. Cunningham moved to dismiss this appeal on the ground that it had not been perfected prior to the deadline prescribed in Tenn. Code Ann. § 37-1-159(a) and Tenn. R. Juv. P. 36(e). Effectively conceding that his notice of appeal was late, Mr. Seibers responded with a Tenn. R. Civ. P. 60.02(1) motion seeking "relief from the Juvenile Court's Order of December 21, 2001, on the basis of inadvertence, surprise or excusable neglect."[1] The circuit court entered an order March 13, 2002 granting Mr. Seibers relief from the juvenile court's order but failing to describe what form the relief would take.

The circuit court conducted a bench trial and entered its final order on July 10, 2002. For some unexplained reason, the order dealt only with the custody of the parties' daughter.[2] The trial court determined that Mr. Seibers should receive custody of the parties' daughter on August 1, 2002, and gave Mr. Seibers permission to move her to Florida. The circuit court also prescribed the conditions for Ms. Cunningham's visitation with her daughter. Ms. Cunningham has perfected an appeal to this court.

## II.

There are two dispositive questions on this appeal. The first question is whether Mr. Seibers filed a timely notice of appeal in the circuit court. If he did, then the circuit court acquired subject matter jurisdiction over the case and was empowered to try it de novo. If he did not, the second question is whether the circuit court had the authority to grant relief from the entry of the juvenile court's order. If the trial court lacked subject matter jurisdiction, there is no need to determine whether Mr. Seibers presented grounds that would entitle him to Tenn. R. Civ. P. 60 relief.

---

[1] In an affidavit accompanying the motion, Mr. Seibers's lawyer stated that Ms. Cunningham's lawyer told her on December 21, 2001 that he had delivered the proposed order to the juvenile court but that the juvenile judge "wanted to review it." The lawyer also stated that "[b]ecause I took off five days the week of Christmas and the following week to celebrate the holidays, I did not learn that the Order had been filed until January 2nd or 3rd. I did not actually receive a copy of the filed Order until January 11, 2001, after I requested the Clerk's office to send me a copy."

[2] Mr. Seibers's notice of appeal was not limited to the juvenile court's disposition of his daughter. It stated that he was appealing from "the Court's Order entered December 21, 2001." Had Mr. Seibers's appeal been properly perfected, the entire case would have been tried de novo unless Ms. Cunningham had stipulated or agreed that Mr. Seibers could have custody of their son. No such stipulation or agreement appears in the record. Accordingly, on the face of this record, the circuit court's July 10, 2002 order is not final because it does not adjudicate all the claims between all the parties. In light of our disposition of the subject matter jurisdiction issue, we need not address the finality question.

Tenn. Code Ann. § 37-1-159(a) and Tenn. R. Juv. P. 36(e) prescribe the time for filing a notice of appeal from a juvenile court's final judgment in a dependent neglect proceeding in simple and direct language. It states that "[t]he appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition." Tenn. Code Ann. § 37-1-102(b)(17) (2001) defines "nonjudicial days" as "Saturdays, Sundays and legal holidays." The term "legal holiday" is, in turn, defined in Tenn. Code Ann. § 15-1-101 (1999).

The only "legal holidays" occurring between December 21, 2001 and January 9, 2002 were Christmas Day and New Years Day.[3] Accordingly, taking into account the legal holidays and the three weekends occurring between December 21, 2001 and January 9, 2002, the deadline for filing Mr. Seibers's notice of appeal was Tuesday, January 8, 2002. Therefore, Mr. Seibers's notice of appeal filed on January 9, 2002 was one day late.

In this proceeding, the circuit court was functioning as a reviewing court. It could only have acquired subject matter jurisdiction to adjudicate the dispute if either Mr. Seibers or Ms. Cunningham perfected a de novo appeal in a timely manner. Ms. Cunningham did not attempt to perfect a de novo appeal from the juvenile court's order, and Mr. Seibers perfected his de novo appeal one day late. Therefore, the circuit court never acquired subject matter jurisdiction over this case for any purpose. Not only did it lack the power to adjudicate the merits of the dispute, it lacked the authority to grant Tenn. R. Civ. P. 60 relief.[4]

Mr. Seibers was not without relief from the morass created by his lawyer's failure to perfect his de novo appeal in a timely manner. He was just not entitled to obtain this relief from the circuit court. Tenn. R. Juv. P. 34(b) empowers juvenile courts to grant extraordinary post-judgment relief similar to the relief trial courts can grant under Tenn. R. Civ. P. 60. Thus, Mr. Seibers could have filed a petition in the juvenile court seeking to vacate and re-enter its December 21, 2001 order, thereby providing him with a second opportunity to file a timely notice of appeal. Regrettably, Mr. Seibers pursued his extraordinary relief in the wrong court and must now live with the consequences. Because the circuit court lacked subject matter jurisdiction over this appeal, its March 13, 2002 order granting Mr. Seibers Tenn. R. Civ. P. 60.02(1) relief from the juvenile court's December 21, 2001 order is void. Likewise, its July 10, 2002 order addressing the merits of the parties's dispute regarding the custody of their daughter must also be vacated and set aside because it is void on its face.

---

[3]Mr. Seibers states in his pro se brief that the DeKalb County Courthouse was closed on December 24, 2001. There is nothing in the record to corroborate this assertion, and whether or not the DeKalb County Courthouse was open on December 24, 2001 is not the sort of information that is properly the subject of judicial notice. Even if the DeKalb County Courthouse might have been closed for the convenience of the employees, December 24, 2001 could not have been considered as a legal holiday unless the President of the United States or the Governor of Tennessee had officially declared it as a day of "fasting or thanksgiving." Tenn. Code Ann. § 15-1-101.

[4]Tenn. R. Civ. P. 60 empowers trial courts to grant relief to parties who file an untimely notice of appeal by vacating and re-entering their own final order. *See, e.g., McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). However, it does not, as a general matter, empower trial courts to grant relief from another court's orders. 11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2865, at 377 (2d ed. 1995) (pointing out that Rule 60 motions are typically filed in the court that rendered the judgment at issue).

**III.**

We vacate the circuit court's March 13, 2002 and July 10, 2002 orders and remand the case to the circuit court with directions to dismiss Mr. Seibers's de novo appeal from the juvenile court's December 21, 2001 judgment. We tax the costs of this appeal to Paul Eddie Seibers for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE